(November 23, 1917.)

## F. M. LEWIS and H. D. JACKSON, Respondents, v. WARREN AND ANDERSON FURNITURE COMPANY, a Corporation, and C. C. NELSON, Sheriff of Minidoka County, Idaho, Appellants.

[168 Pac. 1142.]

JUDGMENTS—EXECUTIONS—FRAUD—INJUNCTION.

"Payment, settlement or discharge of the claim in suit must generally be set up as a defense before judgment, and it will furnish no ground for a court of equity to enjoin the judgment, unless the party was prevented from making his defense at law by fraud, circumvention, or deceit, or by an accident."

[As to necessity for pleading payment as defense to action for existing balance, see note in Ann. Cas. 1912B, 487.]

APPEAL from the District Court of the Fourth Judicial District, for Minidoka County. Hon. James R. Bothwell, Judge.

Action to enjoin levy of execution and for damages. Judgment for plaintiffs. *Reversed.*

T. Bailey Lee and Charles A. Sunderlin, for Appellants.

In a collateral attack on the judgment, the only evidence that is admissible in support of such attack is the judgment-roll, and if that shows on its face the court had no jurisdiction, the judgment is absolutely void; otherwise it is valid. "Only such facts and circumstances can be shown or relied on in support of such attack as affirmatively appear on the face of the record or what under the law constitutes the judgment-roll." (*O'Neill v. Potvin*, 13 Ida. 721, 93 Pac. 20, 257.)

If any fraud or misrepresentation is alleged or shown by the evidence, it is directly involved in the original action. Such a fraud is not sufficient to support a complaint to set aside the judgment rendered in the original action. (*Dono-*

*van v. Miller,* 12 Ida. 600, 10 Ann. Cas. 444, 88 Pac. 82, 9 L. R. A., N. S., 524.)

Complainants having had an opportunity in the original action of presenting the same defense as here offered, their remedy is lost; for their rights were exhausted. when they chose to open and have set aside the first default. (*Richards v. Richards,* 24 Ida. 87, 132 Pac. 576.)

"If a person sued upon a cause of action which he knows he has discharged by payment, neglects to make his defense or chooses to waive it, equity will leave him to reap the consequences of his folly." (*Pearce v. Vhastain,* 3 Ga. 226, 46 Am. Dec. 423; *McGehee v. Gold,* 68 Ill. 215; *Ahl v. Ahl,* 71 Md. 555, 18 Atl. 959.)

A court of equity will not restrain the enforcement of a judgment at law on the ground of want of consideration in the contract sued on or that it was against public policy, where the defendant through negligence of his attorneys, failed to set up such defenses in the original action. (*Donovan v. Miller, supra; Little Rock & Ft. Smith Ry. Co. v. Wells,* 61 Ark. 354, 54 Am. St. 216, 248, 33 S. W. 208, 30 L. R. A. 560.)

All evidence *aliunde* the original record was inadmissible, and plaintiff's case is inadequate, because the complaint does not set up, nor have they proved, a good and meritorious defense. (*Bernhard v. Idaho Bank & Trust Co.,* 21 Ida. 598, Ann. Cas. 1913E, 120, 123 Pac. 481.)

E. R. Dampier, for Respondents.

When the judgment was entered, it was never intended for the Title Guaranty and Surety Co., notwithstanding they so stated to the Lewis and Jackson Construction Co. That being so, the judgment as entered was clearly fraudulent, and the action to restrain an execution thereon was proper. (23 Cyc. 989, 992.)

The right of the Title Guaranty and Surety Co. to a judgment is not questioned if they go about it in the proper way, and being misled by statements of the appellants, respondents supposed that was what was being done at the second default

and hence made no appearance, and they supposed also the judgment, if one was entered for the Title Guarantee and Surety Co., would be for $570.11 only. Upon these facts the injunction was proper. (*Kelley v. Kriess,* 68 Cal. 210, 9 Pac. 129; *Thompson v. Laughlin,* 91 Cal. 313, 27 Pac. 752; *Campbell v. Durand* (Utah), 115 Pac. 986–989; *Handley v. Jackson,* 31 Or. 552, 65 Am. St. 839, 50 Pac. 915; *Cline Piano Co. v. Sherwood,* 57 Wash. 239, 106 Pac. 742; *Harris v. Smiley,* 36 Okl. 89, 128 Pac. 276; *Missouri Pac. Ry. Co. v. Reid,* 34 Kan. 410, 8 Pac. 846.)

The judgment being fraudulently obtained, the execution too was fraudulently issued, and though legal on its face, when set aside it affords no protection to the party in whose interest it was issued. (4 Cyc. 831.)

MORGAN, J.—Respondents, who are contractors, gave a bond to appellant, Warren and Anderson Furniture Company, hereinafter referred to as the furniture company, executed by themselves and the Title Guarantee and Surety Company, hereinafter called the surety company, conditioned upon the faithful performance of a building contract.

On August 19, 1911, the furniture company instituted action, in the district court for Cassia County, to recover $1,000 from respondents and the surety company, based upon an alleged violation of the contract. On October 5, 1911, the surety company paid the furniture company $570.11, and a stipulation was entered into that the action be dismissed as to it. It was agreed that a default be entered against respondents and that the furniture company would endeavor to recover from them and reimburse the surety company. On October 7, 1911, the default of respondents was entered and, on the same day, the attorney for the furniture company advised their attorney, by letter, of the settlement and default. That default was later set aside, but another was entered on April 22, 1912, and a judgment was rendered against respondents and in favor of the furniture company for $1,000, together with costs in the sum of $13.50. Transcript thereof

was filed in Minidoka county and an execution issued and levied upon the property of one of the respondents therein.

Respondents instituted this action to have the transcript of judgment declared null and void, on the ground that it was fraudulently procured, in that the furniture company had no interest in the judgment, and that it had been taken for the use and benefit of the surety company; to restrain the sale pursuant to the levy, and to recover damages by reason of the execution being wrongfully issued and levied.

The court found that the judgment and transcript were fraudulently procured, and submitted the question of damages to a jury with an instruction that the execution and levy were illegal. The jury returned a verdict for respondents in the sum of $400 and judgment was rendered in their favor in that amount, and declaring the transcript void and restraining the sale under the execution.

This appeal is taken from that judgment.

The record in this case discloses that after the time for appearance in the original action had expired and after the default of respondents, for their failure to appear and answer, was entered, they appeared, by their attorney, and moved that the default be set aside; that in support of the motion, and in opposition thereto, affidavits were filed and, together with the records in the cause, were fully considered by Hon. C. O. Stockslager, then district judge; that the default was set aside and an order was entered whereby the case was set for trial at the next general term of the court in Cassia county, and, without other notice, was placed upon the calendar; that a day or two prior to the case being brought on for hearing upon the merits, the above-named trial judge directed the clerk of the court to notify the attorney for respondents of the day and hour when it would be heard, and that counsel for the furniture company did, by telephone, notify said attorney of the time the case was set for trial. Respondents did not appear when the case was called, either personally or by counsel, but it may be inferred from the record that E. R. Dampier, their attorney, had advised the court with respect

to his wishes for, from the testimony of S T. Lowe, attorney for the furniture company, it appears: "the case came on for trial and the court made certain statements to me that he had received from Mr. Dampier and therefore I made a motion for the default of the defendants, Lewis and Jackson, to be entered the second time. . . . . The court granted the motion for the default, the second default. As I now remember it, witnesses were called on the part of the Warren and Anderson Furniture Company, evidence submitted to the court, and the court ordered judgment to be entered. In conformity therewith judgment was prepared and entered."

It clearly appears that Mr. Dampier, attorney for respondents, was fully advised of the time and place when and where the case would be heard. No excuse is offered for his failure to be present, nor does it appear that any undue advantage was taken of him, or his clients, or that the court was in any manner imposed upon in procuring the default judgment. Upon the other hand, all the evidence in the record, upon this phase of the controversy, indicates that the trial judge, who entered the second default and judgment, was fully advised of the exact status of the case and took that action with complete knowledge of all the circumstances.

Assuming that, at the time judgment was taken, no money was due to the furniture company from any of the defendants in the action and that the district court, with full knowledge of the facts, after having given respondents opportunity, as provided by law, to be heard, erroneously entered judgment in favor of the former and against the latter, that error cannot, in the absence of fraud whereby they were prevented from making their defense, be reviewed or corrected in a proceeding of this kind. (23 Cyc. 991.)

The rule is stated in 23 Cyc. 1000, as follows: "Payment, settlement, or discharge of the claim in suit must generally be set up as a defense before judgment, and it will furnish no ground for a court of equity to enjoin the judgment, unless the party was prevented from making his defense at law by fraud, circumvention, or deceit, or by an accident."

It is held in *Donovan v. Miller,* 12 Ida. 600, 88 Pac. 82, 10 Ann. Cas. 444, 9 L. R. A., N. S., 524, that "Want of consideration in a contract will not warrant a court of equity in enjoining the collection of a judgment at law." Also that "a mistake or unskilfulness of an attorney is not sufficient to authorize an injunction to issue to restrain the enforcement of a judgment at law."

This court, in the case above cited, quoting with approval from *Pico v. Cohn,* 91 Cal. 129, 25 Am. St. 159, 25 Pac. 970, 27 Pac. 537, 13 L. R. A. 336, said, among other things: "And we think it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. The reason of the rule is that there must be an end of litigation, and when parties have once submitted a matter or have had an opportunity of submitting it for investigation and determination, and when they have exhausted every means for review or determination in the same proceeding, it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy."

The judgment, upon a transcript of which the execution here sought to be enjoined was issued, is regular upon its face and free from fraud, and the right to procure the transcript, certified by the clerk, and to file the same with the recorder of any county in the state, other than that in which the judgment was given, and thereby to create a lien upon all real property of the judgment debtors in such county, not exempt from execution, owned by them at the time, or which they may afterward and before the lien expires, acquire, is conferred by sec. 4460, Rev. Codes, and sec. 4470 provides: "The party in whose favor judgment is given, may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement."

This action cannot be maintained. To hold otherwise would be to permit a defendant, who has been regularly summoned,

to decline to answer, permit a default and judgment to be entered against him, and to make his defense, for the first time, when execution has been issued thereon.

The judgment is reversed and costs are awarded to appellants.

Budge, C. J., and Rice, J., concur.