[Civ. No. 12650. First Dist., Div. Two. June 9, 1944.]

CITY OF SAN MATEO, Appellant, v. HARRY J. HARDY, Respondent.

Ernest A. Wilson, City Attorney, Kirkbride & Wilson and Arthur J. Harzfeld for Appellant.

J. W. Coleberd and F. E. Hoffmann for Respondent.

NOURSE, P. J.—The plaintiff appeals from a judgment denying an injunction to restrain defendant from violation of a municipal zoning ordinance and requiring him to remove certain alterations in a building which were made in violation of the ordinance.

On June 7, 1937, the city of San Mateo adopted a comprehensive zoning ordinance (Ordinance No. 446) which was a revision and reenactment of various prior ordinances relating to the zoning of the city for business and residential purposes. By its terms the city was divided into several districts for the regulation of the construction and maintenance of buildings. Section 4 relating to "First Residential District Regulations ('Single Family)" specified as particular uses permitted therein: "a. Dwellings. b. Public Buildings." Section 1 of the Ordinance defined "dwelling" as "a residence building containing but one kitchen, designed and/or used to house not more than one family . . . and not more at anytime than two paying guests of such family." Section 12 provides that any use forbidden by the ordinance but lawfully existing at the effective date may be continued. Section 13 permits an owner to apply for a reclassification of his property and permits the city council to relieve the owner from any inequitable burden resulting from the general classification.

In 1942 defendant purchased a two-story family home in the first residential district and, without applying for a reclassification, and in disregard of the orders and warnings of the city authorities, made alterations in the building by which the upper story of the residence was converted into a separate apartment consisting of a living room, kitchen, bedrooms and bath. This separate apartment was rented by defendant to a separate family at a substantial monthly rental. On the

trial these facts were conceded. In defense there was an abortive attempt to prove that the former owner had violated the ordinance by permitting her grandchildren and other members of her family to live in the home while she occupied it and while she was on vacation. This evidence related to conditions existing in the years 1938 and 1939. The ordinance became effective July 7, 1937, hence the evidence did not pretend to prove a lawfully existing use at the time of the adoption of the ordinance.

The single issue of fact presented for determination is pleaded in paragraph X of the complaint:

"Sometime in said month of November, 1942, the exact date of which is unknown to plaintiff but known to defendant, defendant so altered, repaired and reconstructed said building that said building became, ever since has been, and now is no longer a dwelling as defined by said ordinance, in these respects: that ever since said time, it was, has been and now is designed and used to house more than one family, including all necessary servants and employees of such family; and that ever since said time it did and now does contain more than one kitchen."

"All of said alterations, repairs and reconstructions were made by defendant with full knowledge of the terms of said ordinance and without a building or any permit therefor."

Though all the evidence, as well as the admissions of the respondent on the trial, proved these allegations beyond controversy, the trial court refused to make a finding upon the issue. If such finding had been made in accord with the undisputed evidence appellant would have been entitled to judgment as a matter of law.

On the issue of preexisting use raised in the answer the trial court made no finding in harmony with the pleading and proof. The answer pleaded that the property "was and for many years prior hereto has been used as said property is presently used by this defendant." The trial court found that for many years prior to the adoption of the ordinance the premises were "occupied and used as a dwelling-house by two families." This was not an issue. Furthermore, it is directly contrary to all the evidence, which was that the former owner had had members of her family and guests visit her and occupy rooms as guests, and that all were served from a single kitchen. The issue here was whether the prem-

ises following the alterations made by respondent came within the ordinance definition of "dwelling"—having but "one kitchen" and "designed" to house not more than one "family." Such were the regulations enacted by the city council upon the advice of the city planning commission. It may be that a judicial review would suggest some modifications under certain circumstances but our system has not conferred upon the court the power to exercise these administrative functions.

■  The respondent suggests, in support of the conclusion of the trial court, that the ordinance is unconstitutional as discriminatory. The only evidence on the subject related to premises outside the zoned district. The conclusion of law is contrary to all the authorities. (*Miller* v. *Board of Public Works,* 195 Cal. 477 [234 P. 381, 38 A.L.R. 1479]; *Fourcade* v. *San Francisco,* 196 Cal. 655 [238 P. 934]; *Feraut* v. *City of Sacramento,* 204 Cal. 687 [269 P. 537]; *Rehfeld* v. *San Francisco,* 218 Cal. 83 [21 P.2d 419]; *Reynolds* v. *Barrett,* 12 Cal.2d 244 [83 P.2d 29]; *Rubin* v. *Board of Directors,* 16 Cal.2d 119 [104 P.2d 1041].)

■  The right of the city to seek enforcement of the ordinance by this proceeding is not open to argument. (*City of Stockton* v. *Frisbie,* 93 Cal.App. 277, 289 [270 P. 270].) The provisions of the ordinance permitting the property owner to apply for an exception or variance from the restrictions imposed are sustained by *Rubin* v. *Board of Directors, supra; Metcalf* v. *County of Los Angeles,* 24 Cal.2d 267 [148 P.2d 645] and similar cases. The failure to pursue such an administrative remedy was there held to bar application by the property owner for equitable relief. We have found no case holding that such an administrative remedy is a bar to the defense in an action by the city to enforce the ordinance.

■  But, when the ordinance has afforded such a remedy, it is a complete answer to all that is said by respondent relating to the denial of due process.

■  In reversing the judgment, it is not necessary to direct a new trial. The undisputed evidence, and the admissions of the parties, require a finding that the allegations of paragraph X of the complaint are true. For the same reason finding number 5 is stricken out. It is so ordered and the findings are amended in those respects.

The judgment is reversed with directions to enter judg-

ment for plaintiff as prayed in the complaint upon the findings as herein amended.

Sturtevant, J., and Spence, J., concurred.

The opinion and judgment were modified to read as above and a petition for a rehearing was denied July 8, 1944, and respondent's petition for a hearing by the Supreme Court was denied August 7, 1944. Carter, J., and Schauer, J., voted for a hearing.