226 P.2d 172

**SAYDES et al. v. CUOIO et al.**

No. 7639.

Supreme Court of Idaho.

Dec. 14, 1950.

Rehearing Denied Jan. 12, 1951.

18

H. J. Swanson, Pocatello, for respondents.

Walter H. Anderson, Pocatello, for appellants.

PORTER, Justice.

Appellants seek in this independent action to have vacated, annulled and set aside a default judgment entered in a former unlawful detainer action wherein the respondents, Cuoio, were plaintiffs and these appellants were the interested defendants. The complaint herein is predicated upon the

ground of alleged fraudulent conduct on the part of the attorney for defendants in the unlawful detainer action. The general demurrers of respondents to the complaint of appellants were by the court sustained and a judgment of dismissal entered. From such judgment, appellants have appealed to this court.

The complaint herein alleges that on February 21, 1939, the predecessor in interest of appellants leased from the predecessors in interest of respondents, Cuoio, certain real and personal property in the City of Pocatello, a copy of which lease is attached to the complaint as an exhibit. An examination of such lease discloses that it was for a term of five years with an option for renewal for an additional term of five years, fixed the rent at $100.00 per month, and was subject to cancellation upon the sale of the premises and 30 days notice to the lessee.

The complaint then alleges that on July 9, 1946, a fictitious, pretended and fraudulent conveyance of the property was made to the respondents, Cuoio; and that on the 31st day of August, 1946, the action in unlawful detainer was commenced which resulted in the alleged fraudulent default judgment sought to be set aside, a copy of which judgment is attached to the complaint as an exhibit.

The complaint further alleges that appellants, upon receipt of the summons and complaint in the unlawful detainer action, employed an unnamed lawyer in the City of Pocatello to represent and defend respondents in such action and that "the said lawyer, deceived and betrayed them, in that he deliberately and intentionally failed to take any action whatsoever, or to defend or protect these plaintiffs in said action"; and "that the conduct on the part of said lawyer was deliberate, intentional, and was predicated upon the intention and purpose of defrauding and cheating these plaintiffs." No motive or gain on the part of such lawyer is alleged.

The default judgment attached to the complaint shows that it was entered in pursuance of an opinion of the Supreme Court upon an appeal in the unlawful detainer case of Cuoio v. Koseris, 68 Idaho 483, 200 P.2d 359. In connection with the recitals of such default judgment, we may consider the facts reflected in such opinion of the Supreme Court. Jeffords v. Young, 98 Cal.App. 400, 277 P. 163. The following factual sequences are thereby disclosed:

A demurrer was filed in the unlawful detainer case and overruled on November 25, 1946. Defendants were granted 15 days in which to file answer. The attorney for defendants called the trial judge on the telephone and was told by the trial judge that he might have a few additional days in which to file answer. Upon the expiration of the 15 days, the default of defendants was entered by the clerk. On December 20, 1946, an answer was filed by defend-

ants. The attorney for defendants first learned of the clerk's default on September 4, 1947. No judgment had been entered. A motion to set aside such default was by the trial court granted and a trial was had resulting in a judgment for defendants. The case was appealed to the Supreme Court where the judgment was reversed and the case remanded to the trial court with directions to reinstate the clerk's default and upon proper proof, enter an appropriate judgment.

It appears that the grounds for the Supreme Court decision were, (1) that the oral granting of additional time by the trial court within which to file the answer did not constitute a valid order, and, (2) that the motion to set aside the default was not filed within six months after the expiration of the term on January 5, 1947, in which the default was entered.

In accordance with the mandate of the Supreme Court, the trial court reinstated the default, heard evidence and rendered the judgment now sought to be set aside. By such judgment, it was adjudged that the plaintiffs were entitled to the restitution of the premises and property described in the complaint and that "they are entitled to recover judgment in favor of the plaintiffs and against the defendants Tom Saydes and John Pattis, for the rental value of the said premises and property from the 10th day of August, 1946, at the rate of $300.00 per month, which the court finds from the evidence to be the reasonable ren-

tal value thereof" and that plaintiffs have judgment for general damages in the sum of $500.00. It thus appears that the plaintiffs named in said judgment were not awarded treble rent and damages under the statute as might be inferred from the complaint in this action.

The allegation in the complaint herein that the lawyer for the defendants in the unlawful detainer case, took no action in such case, is at variance with the facts. He pursued the case through its various steps in the lower court, was successful in obtaining a judgment for defendants, and represented them in the Supreme Court where the cause was reversed. While the Supreme Court held that the excuse of the attorney for his failure or neglect to file an answer within the allotted 15 days without obtaining a valid extension order, was insufficient to justify setting aside the clerk's default and that the motion to vacate such default was filed too late, there is nothing in such decision to indicate that such failure or neglect was culpable or fraudulent.

It appears from the authorities cited by the parties that a judgment obtained as a result of the fraud of the attorney for defendants may be set aside in an independent equity action. However, a judgment may not be set aside merely because of the negligence or unskillfulness of an attorney. The rule is stated in 49 C.J.S., Judgments, § 368, pp 727-728, as follows:

"It is not sufficient ground for relief in equity that a judgment was obtained against a party in consequence of the neglect, inattention, mistake, or incompetence of his attorney, unless it was caused by the opposite party, the fault of the attorney being attributed to the party himself." The substance of this rule is adhered to in Donovan v. Miller, 12 Idaho 600, 88 P. 82, 9 L.R.A., N.S., 524.

■ The failure of the attorney for the defendants in the unlawful detainer action to file the answer within the allotted time, was no more than neglect and there is nothing appearing in the factual situation from which it might be inferred that such attorney's conduct in this respect was fraudulent. The mere assertion by the complaint that the lawyer's conduct was fraudulent, assuming but not holding that such pleading is sufficient, is contradicted by the record.

In the complaint, appellants also allege in effect that such lawyer fraudulently failed to notify them of such default judgment and that they did not learn of same until their property was levied upon by the respondent sheriff, Alma Marley, on March 4, 1949. Such judgment was entered on January 31, 1949 and this action was filed on March 17, 1949. The only right of appellants which could be affected by the alleged failure of such lawyer to notify appellants of the default judgment, would be the right to appeal from such judgment which both parties concede existed. The time allowed by statute for appeal from a judgment had not expired at the time this suit was instituted.

■■ The complaint contains the further allegation that plaintiffs in the unlawful detainer suit claimed the rental value and damages for use of the whole building involved and put in evidence thereof when as a matter of fact, they were occupying a portion of said building, and that such acts constituted fraud on the court. If true, such allegation would tend to show intrinsic fraud and not extrinsic fraud. The judgment may not be set aside for intrinsic fraud by this independent equity action. Donovan v. Miller, supra; Lewis v. Warren & Anderson Furniture Co., 31 Idaho 4, 168 P. 1142; Zounich v. Anderson, 35 Idaho 792, 208 P. 402; Robinson v. Robinson, Idaho, 212 P.2d 1031.

The only question raised by this appeal is whether or not the trial court erred in sustaining the general demurrers to the complaint. From the foregoing discussion it must appear that the complaint does not state facts sufficient to constitute a cause of action and cannot be amended to do so. The judgment of the trial court dismissing the action is affirmed. Costs awarded to respondents.

GIVENS, C. J., TAYLOR and KEETON, JJ., and KOELSCH, D. J., concur.