363 P.2d 188

**Vern E. HERZOG and Thelma G. Herzog, husband and wife, Plaintiffs-Respondents,**

**v.**

**CITY OF POCATELLO, A Municipal Corporation of Idaho, Defendant-Appellant.**

**No. 8992.**

Supreme Court of Idaho.

June 29, 1961.

See also 82 Idaho 505, 356 P.2d 54.

O. R. Baum, Ben Peterson, Ruby Y. Brown and Vern E. Herzog, Jr., Pocatello, for respondents.

Gerald W. Olson, Pocatello, for appellant.

**368**

KNUDSON, Justice.

Respondents are the owners of the subject property which is a rectangular parcel of land 95 ft. by 105 ft. situate in the southeasterly corner of Block 210, Pocatello Townsite, Bannock County, Idaho, at the intersection of East Center Street and 8th Avenue, within the city of Pocatello. Prior to the commencement of this action the subject property was within a restricted residence "A" zone.

Respondents regularly petitioned appellant to re-zone the subject property as a commercial "B" zone, or in the alternative, to permit respondents to construct an automobile service station thereon as a non-conforming commercial use. Respondents' application was discussed at public meetings and was regularly submitted to and approved by the zoning commission and the planning commission of appellant city. Appellant, acting through its Board of City Commissioners, denied the requests of respondents who thereupon commenced this action seeking to compel appellant city to permit respondents to use their said property for the purpose of constructing and maintaining an automobile service station thereon.

The trial court concluded that the action of appellant in refusing to grant either of respondents' requests was arbitrary, capricious and discriminatory and entered judgment directing appellant to permit respondents to construct and maintain an automobile service station upon the subject property. This appeal is from said judgment.

The assignments of error reduce themselves to three general propositions, (1) that the complaint fails to state a claim upon which relief can be granted; (2) that the court erred in admitting in evidence certain exhibits and testimony over the objections of appellant; and (3) that the evidence was not sufficient to support the findings and judgment. We shall discuss the assignments in the order above listed.

Appellant assigns as error the trial court's refusal to grant appellant's motions to dismiss respondents' amended complaint

and refusal to grant appellant's motion to strike portions of said complaint. Appellant does not discuss either of these claimed errors in its brief; hence under numerous decisions of this Court such claimed error would not ordinarily be considered. State v. Snoderly, 61 Idaho 314, 101 P.2d 9; Murphy v. Mutual Life Ins. Co., 62 Idaho 362, 112 P.2d 993; Hayward v. Yost, 72 Idaho 415, 242 P.2d 971. However, in view of the important issues involved in this case we have considered these assignments of error and find that the rulings of the trial court upon said motions are correct.

Error is assigned to the action of the trial court in admitting in evidence the following identified plaintiffs' exhibits:

Exh. C — Request of respondents to re-zone subject property;

Exh. D — Letter by zoning commission approving respondents' application;

Exh. G — Minutes of planning commission approving respondents' application;

Exh. H — Summation of traffic count on west side of Pocatello;

Exh. I — Traffic count past subject property;

Exh. J — Building permit in re service station at 7th Avenue & Center Street;

Exh. K — Building permit (Medical Arts Building) at 1448 E. Center Street;

Exh. L — Application for construction of office building at corner of 14th Avenue & Center Street;

Exh. M — Permit authorizing use of property at 1606 E. Center Street for business purposes;

Exh. N — Building permit to construct office building on lot adjoining subject property;

Exh. O — Building permit for grocery store at 15th Avenue & Center Street;

Exh. P — Building permit in re property occupied by Court House;

Exh. Q — Building permit for construction of service station at 5th Avenue & Center Street;

Exh. S — Respondents' application for building permit on subject property and plot plan;

Exh. T — Artist's sketch of proposed structure on subject property;

Exh. U — Statement and map of proposed interchanges and connector roads to new interstate highway in Pocatello area.

■ Appellant objected to the admission in evidence of the majority of said exhibits on the grounds that they were immaterial, incompetent and irrelevant and had no probative value in this issue. This Court has expressed the view that in determining the question of the reasonableness or unreasonableness of a municipal ordinance, all existing circumstances or contemporaneous conditions, the objects sought to be obtained, and the necessity or lack thereof for its adoption will be considered by this Court. Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353; White v. City of Twin Falls, 81 Idaho 176, 338 P.2d 778. We find no error in the court's rulings relative to said exhibits.

■ Appellant also claims that the court erred in admitting in evidence the conclusions reached and the recommendations made by the zoning commission and planning commission of appellant city regarding respondents' request. There is no merit to such contention. In this connection it should be noted that I.C. § 50–406 specifically provides that in order for a municipality to avail itself of the power conferred by I.C., Ch. 4 of Title 50, the legislative body of such municipality shall appoint a commission to be known as the zoning commission to recommend boundaries of the various original districts and appropriate regulations to be enforced therein. Said statute (§ 50–406) expressly prohibits any action on the part of the city's legislative body until it has received the final report of such commission. It is therefore clear that the legislature intended that a zoning commission play an important part in determining the boundaries of the various zoning districts and the regulations to be enforced therein.

Likewise under the zoning act adopted by appellant (plaintiffs' Exh. A) the zoning commission is granted power, in a specific case, to determine and vary the application of zoning regulations, from whose decision an appeal to the city commission is provided. § 4–8–14 of said zoning act provides:

"When Commission may vary regulations: When in its judgment the public convenience and welfare will be substantially served or the appropriate use of neighboring property to that involved in the application, will not be substantially or permanently injured or affected, or when there are practical difficulties or unnecessary hardships in carrying out the strict terms of this Chapter, the Zoning Commission may, in a specific case, after such public notice as the City Commission may order and upon a hearing had before the City Commission, determine and vary the application of the regulations herein established in harmony with the general purposes and intent of this Chapter.

Any applicant who is dissatisfied with any zoning decision, may within

ten (10) days after the decision is made, appeal to the City Commission, and the decision of three-fourths of the City Commission on appeal shall decide the question appealed."

. The record does not disclose the function of the planning commission, however, the evidence does show that it was comprised of eleven members and that such commission also considered and made recommendations to the city commission regarding respondents' request. The court properly received and considered the report and recommendations of each of said commissions in determining the issue here involved.

It would unduly lengthen this opinion to discuss all the evidence which might be considered as supporting the findings and judgment in this case. However, we shall point out some of the facts which do.

The dwelling situate upon the subject property was built approximately forty years ago; the owner has experienced great difficulty in finding tenants to occupy it as a residence and it had been unoccupied for several months immediately prior to the trial of this case.

Only one property owner in the area of the subject property testified that his property (which adjoins subject property on the north) would be depreciated in value if respondents' request is granted.

Said property is situate upon a street where the vehicular traffic count, during an average week day, exceeds 6500. Evidence was introduced that the State Highway Department in conjunction with the Bureau of Highways, plans to construct in the near future, an interstate highway in the area of the easterly edge of appellant city, a distance of approximately 15 blocks east of subject property and that Center Street is planned to become one of the access routes to such interstate highway.

Report and recommendation of appellant's planning commission relative to respondents' request, of which the following is an excerpt:

"The Zoning Commission in approving a business building on 8th and East Center Streets is merely recognizing a growth pattern that cannot be logically overlooked. In this matter we concur with the findings of the Zoning Committee.

"It should be pointed out that there are seventeen business occupancies, most of them as exceptions to existing zoning regulations, plus eight multiple dwelling units, on East Center Street from Fifth Avenue to Fifteenth Ave.

"We recognize that it is essential to provide for the orderly growth of the business district along established traffic patterns.

"We are further aware that a connection with the Interstate Highway is planned on the extreme east end of Center Street.

"It is our feeling that what applies to Center Street will also be applicable to East Clark Street for some of the same reasons.

· "We therefore recommend that the Planning Commission, with the assistance of members of the Zoning Board, be jointly charged with and authorized to develop a plan for the future zoning of these two streets."

Report of the zoning commission after public hearings were had and considered regarding respondents' request and said commission's recommendation that such request be granted.

The subject property has a market value of between $7,500 and $10,000 for residence purposes, while it has a value of between $35,000 and $40,000 as an automobile service station location. Respondent acquired said property under date of July 31, 1956, for a consideration of $15,000.

In appellant's brief it is inferred that the trial court placed too much weight on the recommendations of the zoning and planning boards. In view of the authority conferred upon the zoning commission by statute and under appellant's zoning act, we think the trial court was justified in considering the decision and recommendation of such commission.

■ The findings of fact indicate that the trial court believed the effect of the zoning regulation here challenged was such as to destroy in a large measure the value of the property involved and thereby denied the owner due process of law. Although the loss to a property owner caused by restrictions on the use of his property may not be controlling, the degree to which the values incident to the property are thereby diminished may be duly considered. White v. City of Twin Falls, supra. In the instant case the evidence shows that application of the regulation in question to respondents' property destroys approximately three-fourths of its value for the use sought.

■ On May 21, 1959, appellant issued a building permit to erect a legal and medical office building upon the lot immediately adjacent to subject property on the west. Variances have been granted relative to a number of properties situate along said Center Street, between 7th and 15th Avenues, and on each side of subject property. The record does not show that appellant has adopted or applied any standard or uniform rule for the granting of requests for nonconforming use, however, the record does disclose that appellant has granted variances to property owners in the same district wherein respondents' property is

situate. The trial court made a specific finding concerning such fact. While the granting of a variance to others in the district is not controlling as to a subsequent applicant for a variance permit, it is a circumstance of some force in the search for special reasons.

■ The issue here presented is whether the evidence sustains a finding that appellant's action in denying respondents' requests was arbitrary, capricious and discriminatory. After careful consideration of the entire record, we feel that the evidence of discrimination in the various aspects as presented to the trial court sustains the findings of said court.

It is not clear just what is intended by that portion of the judgment where it is decreed that appellant forthwith issue to respondents "a building permit and any other necessary papers" to authorize and permit respondents to proceed with the construction of a service station upon the subject property. Since the only *permit* sought under the complaint is a permit in the nature of a variance or exception to use the property in nonconformity with the existing ordinance, we must assume that the "building permit" so directed to be issued is in effect a variance permit. In this connection it should be noted that we do not here consider or determine appellant's authority to grant a variance.

■ Authority to enact zoning ordinances and regulations is by statute (I.C. Title 50, Ch. 4) granted to the legislative body of the municipality and zoning is in the nature of a legislative function. Since our system has not conferred upon the courts power to exercise administrative functions in zoning matters, the court may not order the enactment of zoning regulations such as is directed by the judgment here appealed from. See 101 C.J.S. Zoning §§ 322 and 323, p. 1111; City of San Mateo v. Hardy, 64 Cal.App.2d 794, 149 P.2d 307.

■ Where the action of a municipal legislative body in enacting or applying a zoning ordinance or regulation is arbitrary, capricious, discriminatory or confiscatory in its effect, and without just cause deprives a person of valuable property rights, the enforcement of such ordinance or regulation as to the property so affected may be enjoined by proper order of restraint. White v. City of Twin Falls, supra; Morris v. City of Los Angeles, 116 Cal.App.2d 856, 254 P.2d 935; Continental Oil Co. v. City of Twin Falls, supra.

■ We therefore conclude that in view of the findings of the trial court, in which we concur, the court may decree the subject property exempted from the force and effect of the existing ordinance which restricts use of the subject property to the classification of "A-Residential" and may

enjoin appellant from prosecuting or bringing any civil or criminal action based upon such ordinance against respondents or their successors in interest, arising out of the use of the subject property.

The judgment of the district court is reversed insofar as it decrees that appellant issue to respondents a building permit and the cause is remanded to the district court with instructions to enter judgment consonant with the views herein expressed. No costs allowed.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.