435 P.2d 248

**Martin LARSON, alias Bradley L. Robertson, Plaintiff-Appellant,**

**v.**

**The STATE of Idaho, Defendant-Respondent.**

**No. 10001.**

Supreme Court of Idaho.

Dec. 19, 1967.

Wallis & Churchill, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Deputy Atty. Gen., Boise, for appellee.

TAYLOR, Chief Justice.

In November, 1965, plaintiff (appellant) entered a plea of guilty to a charge of burglary in the first degree, and of being a persistent violator. He was adjudged guilty and sentenced to serve a term in the state penitentiary. Subsequently he filed pro se a petition for a writ of habeas corpus. In his petition he alleged that after

his arrest he was questioned by the officers in a coercive, threatening manner; that he was not informed of his right to remain silent or of his right to have counsel; that he was not permitted to contact his wife or a lawyer; that he was held in excessive bail; and that he was not informed of the time of a certain court proceeding. Contradictorily, the petition also recites:

"The petitioner's lawyer advised the petitioner that the case had been reset for the day of December 29, 1965."

■ The petition was denied without a hearing. Accepting the allegations of the petition in the most favorable light, Johnson v. State, 85 Idaho 123; 376 P.2d 704 (1962), nevertheless they do not state facts necessitating further relief.

■ The petition for writ of habeas corpus was filed in the same judicial district in which plaintiff was adjudged guilty and sentenced. The district court may take judicial notice of its own records, in the case before it. State v. Morris, 81 Idaho 267, 340 P.2d 447 (1959); Robinson v. Robinson, 70 Idaho 122, 212 P.2d 1031 (1949). This petition arose out of the proceedings complained of in the burglary action.

■ In denying the writ the district court judicially noted that the plaintiff had counsel of his own choosing at all court proceedings from the time of his first appearance in the justice court; that his wife was notified of his arrest the same day it occurred; and that plaintiff was able to furnish bond on all occasions required.

Plaintiff's plea of guilty having been entered with the advice of counsel, it does not appear that he was in any way injured or prejudiced by any admissions which he may have made during the course of custodial interrogation. In Commonwealth of Pennsylvania ex rel. Herman v. Claudy, Warden, 350 U.S. 116, 76 S.Ct. 223, 100

L.Ed. 126 (1956), the Supreme Court held that a plea of guilty could not be supported if it was prompted by fear that an unlawfully obtained confession might be used at the trial. However, in that case the petitioner entered his plea of guilty without the assistance or advice of counsel. In this case plaintiff does not suggest or intimate that the counsel who represented him, and who was chosen by him, was incompetent, or that he was ill-advised. Rights declared by the Supreme Court in the Escobedo case,[1] effective on and after June 22, 1964, were fully accorded to plaintiff in this case. So-called rights declared by the same court in the Miranda case,[2] effective June 13, 1966, were not applicable to this proceeding. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

Order affirmed.

SMITH, McQUADE, McFADDEN and SPEAR, JJ., concur.

1. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

2. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966).