486 P.2d 275

**LEWISTON PISTOL CLUB, INC.,**
Plaintiff-Respondent,

v.

**A. W. IMTHURN and Elda B. Imthurn,**
Defendants-Appellants.

**LEWISTON PISTOL CLUB, INC.,**
Plaintiff-Respondent,

v.

**Elmer IMTHURN, Defendant-Appellant.**
No. 10728.

Supreme Court of Idaho.
June 29, 1971.

James W. Givens, Lewiston, for defendants-appellants.

J. H. Felton, Lewiston, for plaintiff-respondent.

McQUADE, Chief Justice.

This appeal comes to this Court after the district court granted a partial summary judgment quieting title in a certain leasehold in the respondent, and awarded damages after a trial without a jury for interference with respondent's leasehold rights.

A. W. and Elda B. Imthurn entered into a lease agreement in 1960 with the respondent, Lewiston Pistol Club, Inc. The terms of the lease provided that the respondent would, for a stated annual payment, lease from A. W. and Elda Imthurn a parcel of real property "for the installation and maintenance of a pistol or rifle range, or both." Additionally, the lease provided that the respondent would at its own expense maintain a roadway to the leased premise, carry liability insurance covering activities on the premise, and prevent the existence of a nuisance upon the premise. The lease also provided, in case of alleged default,

> "[T]he Lessors shall give the Lessee fifteen (15) days' written notice of their election [to seek legal remedy for the alleged breach] by certified or registered mail * * *, and if such default be cured within said fifteen day period, then such notice shall be of no force or effect."

Lessors gave notice of default as required by the above recited terms of the lease in September of 1968, alleging therein that the lessee was permitting a nuisance to exist on the premise (i. e., the firing of bullets across property adjacent to the leasehold), that the lessee had not maintained the roadway to the property, and that the lessee had failed to obtain the required liability insurance coverage. Within the fifteen days provided in the lease, the respondent notified lessors that it had cured the second and third alleged defaults, and that the first alleged default was unknown to the respondent. Subsequently, lessors

barred the respondent from access to the property, and an action was brought by the respondent seeking to quiet title in itself to the leasehold, to enjoin further interferences by the lessors, and to seek actual and punitive damages for past interferences with the respondent's leasehold interest. A second action was subsequently commenced against Elmer Imthurn, seeking damages for alleged acts of interference with the leasehold rights of respondent, and for alleged acts destructive of respondent's property on the leased premise. This action was joined with the first action for trial. Lessors and Elmer Imthurn bring this appeal from the judgment of the district court for respondent.

Appellants first contend the district court erred in granting respondent's motion for summary judgment quieting title in respondent and enjoining appellants from future interferences with respondent's leasehold rights. Appellants argue that there were issues of fact as to whether a nuisance was allowed by respondent to exist, and therefore it was error for the district court to grant summary judgment. A. W. Imthurn, in his affidavit in opposition to the motion for partial summary judgment, answered in part as follows:

> "Affiant states a nuisance exists and has existed, both public and private, and that said nuisance is the direct result of actions and activities on the part of the plaintiff and its members."

This contention is not supported by the record. Respondent's motion for partial summary judgment stated in part:

> "No nuisance was known to exist on the property and an examination of the property disclosed no nuisance * * *.
>
> * * * * * *
>
> "The depositions of the defendants have been taken and are referred to and made a part of this motion. Such depositions show that no nuisance is known to either of the defendants * * *."

Appellants thus simply rested on their general allegation of the existence of a nuisance in their answer in opposition to

**·266**

specific statements contained in the depositions submitted by respondent for the motion for summary judgment, whereas the motion was based upon affidavits and specific statements contained in the depositions submitted by respondents.

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of his plead-, ing, but must answer in detail as specific as that of the moving papers, setting forth the material facts as he believes and intends to prove them to be. If he does not so answer under oath, summary judgment shall be entered against him."

■ The appellants did not set out in sufficient detail, in their opposing papers, the nuisance complained of and therefore under Rule 56(e), summary judgment was properly granted. In addition, as the district court noted in granting respondent's motion, it appears from the deposition of A. W. Imthurn that the only nuisance alleged was the use of the leased premise for a shooting range—precisely the use provided for in the lease itself. On this record, no genuine issue of material fact appearing, partial summary judgment was properly granted.[1]

■ Appellants also contend the district court erred in finding respondent was injured to the extent of $1,024 by the actions of A. W. and Elda B. Imthurn and awarding respondent damages therefor, and in finding that Elmer Imthurn had committed willful and malicious acts and was liable

therefor to the extent of $1,000. Appellants' argument in support of these assignments of error is, first, that the pistol range destroyed by appellants was originally built by volunteer efforts for the respondent, and that therefore, the injuries sustained by the respondent are somehow less costly. No authority is cited for this proposition by appellants, and we know of none. Regardless of whether the range facility was built by club members donating their time and efforts, or a commercial contractor, it is the value of the completed facility and the extent of the injury done thereto that is determinative of damages.[2] There is ample and competent evidence to support the award of damages by the trial court; this Court will not disturb that judgment.[3]

■ Secondly, appellants argue that punitive damages are not favored in Idaho, and they should·be awarded only with caution. Appellants correctly state the Idaho rule.[4] However, it is also the rule in this state that punitive damages may be awarded where only equitable relief is sought, provided malicious conduct on the part of the defendant is shown.[5] In this instance, punitive damages are founded upon actual damages as well as the equitable relief granted. The record adequately supports the trial court's finding that Elmer Imthurn acted maliciously. The award of punitive damages will not be disturbed.

The judgment is affirmed. Costs to respondent.

McFADDEN, DONALDSON, SHEPARD and SPEAR, JJ., concur.

1. I.R.C.P., 56(c).

2. Skaggs Drug Centers, Inc. v. City of Idaho Falls, 90 Idaho 1, 10, 407 P.2d 695 (1965).

3. Stout v. Boise Cascade Corp., 87 Idaho 38, 42, 390 P.2d 63 (1964); Scogings v. Love, 79 Idaho 179, 312 P.2d 570 (1957).

4. Morrison v. Quality Produce, Inc., 92 Idaho 448, 449–450, 444 P.2d 409 (1968); Zollinger v. Big Lost River Irr. Distr., 83 Idaho 411, 418, 364 P.2d 176 (1961).

5. Village of Peck v. Denison, 92 Idaho 747, 450 P.2d 310 (1969).