525 P.2d 332

**LEWISTON PISTOL CLUB, INC.,**
**Plaintiff-Respondent,**

v.

**BOARD OF COUNTY COMMISSIONERS OF NEZ PERCE COUNTY, Defendant-Appellant.**

No. 11276.

Supreme Court of Idaho.

July 31, 1974.

---

Paul C. Keeton, Sp. Asst. Atty. Gen., Roy E. Mosman, Pros. Atty., Lewiston, for defendant-appellant.

J. Henry Felton, Lewiston, for plaintiff-respondent.

McQUADE, Justice.

This action concerns the validity of a resolution passed by the Nez Perce County Commissioners. On September 20, 1971, the Nez Perce County Commissioners adopted a resolution containing the following prohibitions:

"(A) That in all areas of Nez Perce County on both the north side and the south side of the Clearwater River, commencing at its confluence with the Snake River and extending east to a point one (1) mile above the old Spaulding bridge, and in all areas which are not a part of the City of Lewiston, no person shall discharge any fire arm within one-half (½) mile of the Clearwater River.

(B) That no rifle, pistol or other fire arm which fires a single projectile or slug, shall be discharged within one (1) mile of the Clearwater River within the boundaries defined in (A) above."

The plaintiff-respondent, Lewiston Pistol Club, Inc., leases property that is used for a firing range within the area described in

the resolution. Pursuant to I.C. § 31–1509 [1] the appellant appealed from the passage of the ordinance. No hearing was conducted by the trial court, and the issue of the validity of the resolution was submitted to the trial court on the basis of stipulations and briefs. The trial court filed an opinion which in part held:

"It appears well established that the Board of County Commissioners have the authority to exercise police power to protect its inhabitants and it does not appear that the commissioners abused their discretion in the adoption of this resolution.

However, the Court takes judicial notice of former cases, Lewiston Pistol Club versus Imthurn, Case No. 18219, and Lewiston Pistol Club versus Imthurn, Case No. 18455, both decided by this Court and affirmed by the Supreme Court. In those cases it was determined that appellant holds certain premises on a long term lease, running from January 1, 1960, to December 31, 1969, and which lease provides that the lands be 'used by the lessees for the installation and maintenance of a pistol or rifle range, or both.' The grantors under the lease are A. W. and Elda V. Imthurn. The Imthurns attempted to forfeit the lease contending, among other things, that the appellants herein were maintaining a nuisance by the use of firearms on the leased property for the reason that two homes had been built in the area, after the granting of the lease, or lots sold by the Imthurns.

The record is silent as to the reasons the Board of County Commissioners

adopted this resolution, except for the generalities stated in the resolution itself. The record is also silent of any specific facts which would justify the exercise of police power to deprive appellants the use of their property.

It is concluded that the resolution is unenforceable against the appellants and appellants shall be permitted to continue to use the leased premises as a rifle or pistol range and to discharge firearms therein."

Thereafter the trial court entered a judgment holding that the respondent should be allowed to continue its use of its leasehold as a rifle or pistol range. The defendant-appellant, Board of County Commissioners of Nez Perce County, appeals from that judgment.

It has been held that there are three general limitations upon the power of the County Commissioners to adopt restrictions on the use of land:

"(1) [T]he ordinance or regulation must be confined to the limits of the governmental body enacting the same, (2) it must not be in conflict with other general laws of the state, and (3) it must not be an unreasonable or arbitrary enactment." [2]

The challenge to the resolution appears to be based on the argument that it is an unreasonable and arbitrary enactment. It has been held that,

"In determining the question of reasonableness or unreasonableness of a municipal ordinance, all the existing circumstances or contemporaneous conditions, the objects sought to be obtained, and

1. "Any time within twenty (20) days after the first publication or posting of the statement, as required by section 31–819, an appeal may be taken from any act, order or proceeding of the board, by any person aggrieved thereby, or by any taxpayer of the county when any demand is allowed against the county or when he deems any such act, order or proceeding illegal or prejudicial to the public interests; and no such act, order or proceeding whatever, which directly or indirectly renders the county liable for the payment of the

sum of $300.00 or over, or its equivalent, shall be valid until after the expiration of the time allowed for appeal or until such appeal, if taken, shall be finally determined; but there is expected from the operation hereof all orders for the payment of those sums specially directed by law to be paid, or payments in fulfilment of acts or proceedings made and confirmed according to the provisions hereof."

2. State v. Clark, 88 Idaho 365, 374, 399 P. 2d 955, 960 (1965).

**140**

the necessity or lack thereof for its adoption will be considered by the court. * * * (Citations omitted) Whether or not an ordinance is reasonable is a question of law for the court. * * * (Citations omitted) and the rules of construction of ordinances are the same as those applied to the construction of statutes, (Citations omitted)

 A presumption attains in favor of the validity of a municipal ordinance."[3]

The only evidence of the surrounding circumstances and conditions considered by the trial court was the record in the prior proceeding of Lewiston Pistol Club v. Imthurn.[4] Generally a trial court may take judicial notice of its own records.[5] The previous case of Lewiston Pistol Club v. Imthurn involved an attempt to break the pistol club's lease on the ground that the rifle and pistol range was a nuisance. Summary judgment was granted to the pistol club on the ground that the lessors had failed to describe the nuisance in sufficient detail. Since those facts were not sufficiently developed in the previous action, they cannot be used as a basis for finding the resolution unenforceable in this action. The trial court's judgment must be reversed and remanded for a hearing on the conditions and circumstances of the property in question in connection with the objects of the resolution.

Costs to appellants.

SHEPARD, C. J., and DONALDSON, McFADDEN and BAKES, JJ., concur.

BAKES, Justice (concurring specially):

While it was neither briefed nor argued on appeal, and therefore not considered by this Court, the ordinance in question may well come within the ambit of the second restriction set out in the case of State v. Clark, *supra,* referred to in the majority

opinion, in that the ordinance in question could well be considered a zoning ordinance within the meaning of I.C. § 50–1201 et seq., as made applicable to counties by § 31–3801. In that event the procedural requirements for enacting zoning ordinances may not have been complied with. *See* I.C. §§ 50–1204, and 31–3802. On remand, this issue should be considered by the trial court. I.R.C.P. 54(c).

---

3. White v. City of Twin Falls, 81 Idaho 176, 183–184, 338 P.2d 778, 783 (1959). See also: State v. Clark, supra note 2; Winther v. Village of Weippe, 91 Idaho 798, 430 P.2d 689 (1967); Herzog v. City of Pocatello, 83 Idaho 365, 363 P.2d 188 (1961).

4. Idaho 264, 486 P.2d 275 (1971).

5. State v. Palmlund, 95 Idaho 150, 504 P.2d 1199 (1972); Larson v. State, 91 Idaho 908, 435 P.2d 248 (1967); Saydes v. Cuoio, 71 Idaho 17, 226 P.2d 172 (1950).