**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37895**

| | | |
|---|---|---|
| ARTHUR LEE ELSTON, | ) | 2011 Unpublished Opinion No. 698 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 14, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order dismissing application for post-conviction relief, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Arthur Lee Elston appeals from the summary dismissal of his application for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Elston pled guilty to separate charges of burglary and felony domestic violence. The sentences were suspended and Elston was placed on probation. After admitting to probation violations, the district court revoked Elston's probation and ordered execution of the original sentences. Elston appealed and this Court affirmed the district court's orders in an unpublished opinion. *State v. Elston,* Docket Nos. 34720/34721 (Ct. App. Sept. 30, 2008). After his direct appeal, Elston filed an application for post-conviction relief in which he claimed several violations of his constitutional rights. The State filed a motion for summary disposition, but failed to notice the motion for hearing. The district court conducted a hearing at which Elston

testified. Elston's testimony, although not clear, alleged ineffective assistance of counsel for failure to sufficiently argue mental impairment relative to sentencing. At the conclusion of the hearing, the district court summarily dismissed Elston's application and subsequently entered a written order to the same effect. Elston appeals.

## II.

## ANALYSIS

An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628)). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised

2

no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

"When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id*.

When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the

province of the district court.  *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988).  We exercise free review of the district court's application of the relevant law to the facts.  *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

Elston argues that the district court erred when it denied his application for post-conviction relief because it failed to properly take judicial notice of the materials in the underlying criminal case.  He argues, in the alternative, that the district court improperly took judicial notice of its own memory of the underlying criminal case when it denied Elston's application.  According to Elston, the district court's factual findings with regard to the underlying criminal proceedings formed the sole basis for the court's denial of Elston's application and, as such, he argues the district court decision should be reversed and the case remanded.

Idaho Rule of Evidence 201(b) provides that a court may take judicial notice of a fact when the fact is capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned.  I.R.E. 201(b).  A court may take judicial notice sua sponte, in which case the court is required to identify the specific documents or items that were so noticed.  I.R.E. 201(c).  If a party requests that a court take judicial notice of certain documents or items, the court is required to take judicial notice as long as it is supplied with the necessary information.  I.R.E. 201(d).  In that situation, the specific documents or items must be identified by the party requesting that the court take judicial notice.  *Id.*  A district court may take judicial notice of its own record in the case before it.  *Larson v. State*, 91 Idaho 908, 909, 435 P.2d 248, 249 (1967).  It is error, however, for the district court to base its decision on "judicial notice" of the judge's personal recollection of events in the criminal proceeding.  *Matthews v. State,* 122 Idaho 801, 807-808, 839 P.2d 1215, 1221-1222 (1992).

In this case, it is apparent that the district court did not formally take judicial notice of the record in the underlying criminal case.  At no point did the district court state on the record that it was taking judicial notice of the underlying criminal case, or of any particular documents or transcripts of the criminal proceedings.  Moreover, neither the State nor defense counsel ever formally requested that the district court take judicial notice of the underlying criminal case.  At a status conference before the evidentiary hearing, it was clearly contemplated by both parties and the district court that documents from that case would be reviewed; nevertheless, nothing was ever formally noticed on the record.

4

Despite the lack of formal judicial notice, it is equally apparent from the district court's order that it relied on the record from the underlying criminal case. In its order dismissing Elston's post-conviction application, the district court includes a thorough and specific recitation of the events in the underlying criminal case. In addition, the analysis in the order includes references to trial counsel's and the district court's own actions in the criminal case. Indeed, when discussing Elston's claim of ineffective assistance, the court states: "In every sentencing and disposition, Elston's trial counsel argued his brain injury, mental deficiencies and other disabilities to the Court and, in fact, the Court took them into consideration in finally revoking probation and imposing sentence." The order presents facts, dates, and case numbers with such specificity and detail that the district court clearly relied on the record from the underlying criminal case. By relying on the record from Elston's criminal case without formally taking judicial notice of that record, the district court erred.[1]

However, it is not sufficient to simply show error on the part of the district court. Idaho Rule of Civil Procedure 61 provides in relevant part: "[N]o error or defect in any ruling or order . . . by the court . . . is ground for . . . vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." I.R.C.P. 61. Furthermore, "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *Id.* Elston claims, generally, that the district court's error "inherently impacted" his substantial rights, but this is merely a conclusory statement. Nowhere does he argue how the district court's error affected the presentation of his case or its outcome. A district court's error does not require reversal if that error was harmless. *Baker v. State*, 142 Idaho 411, 421, 128 P.3d 947, 957 (Ct. App. 2005). The error by the district court was harmless because Elston failed to present evidence to meet his burden of proof.

Moreover, on review, this Court applies the law to the facts in the record. Elston claimed ineffective assistance of counsel in failing to adequately argue mental impairment in sentencing. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-

---

[1] The same facts that support this finding defeat Elston's argument that the district court improperly took "judicial notice" of its own memory of that case. As we noted, the district court's order relates the details of the underlying criminal proceedings with great specificity. Such a level of detail forecloses the possibility that the district court relied on its own recollection of the proceedings to arrive at its decision.

Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988).

We have reviewed the record in this case, including Elston's testimony. The record does not demonstrate a genuine issue of material fact, let alone proof of ineffective assistance of counsel by a preponderance of the evidence. Elston's evidence is actually a mere assertion that counsel should have done more to argue his mental impairment to obtain a lesser sentence. The record in this case is devoid of any evidence regarding the alleged mental impairment, counsel's use of or failure to use evidence of a mental impairment, or any potential effect therefrom on sentencing. The district court did not err in dismissing Elston's application for post-conviction relief.

### III.
### CONCLUSION

The district court failed to formally take judicial notice of the record in Elston's criminal case. It then relied on that record in ruling on Elston's application for post-conviction relief, and committed error by doing so. However, without any evidence that the error affected the substantial rights of the parties, the error was harmless. The record in this case is devoid of any evidence supporting Elston's claim. Therefore, the district court's order dismissing Elston's application for post-conviction relief is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**

6