JACK ZOLEZZI, ALSO KNOWN AS GIACOMO ZOLEZZI, AND ELAINE ZOLEZZI, HIS WIFE, APPELLANTS, v. JOHN E. JACKSON AND DOROTHY E. JACKSON, HIS WIFE, RESPONDENTS.

No. 3838

May 31, 1956.                                      297 P.2d 1081.

*John Shaw Field* and *Morgan Anglim,* of Reno, for Appellants.

*John S. Belford,* of Reno, for Respondents.

# OPINION

By the Court, MERRILL, C. J.:

This is an appeal taken by the defendants below from a decree adjudicating water rights to plaintiffs' property situated in Washoe County and enjoining defendants from interference therewith. Plaintiffs purchased their property from defendants who have retained ownership of adjoining premises. Defendants contend that no water rights passed with the conveyance. Further, they contend that if their deed did pass water rights, it did so inadvertently and contrary to the intent of the parties and should be reformed. Upon this appeal defendants contend that the evidence does not support the findings and judgment of the trial court which sat in this matter without jury.

The deed from defendants to plaintiffs conveyed the land involved, "together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining * * *." No water rights were expressly granted or expressly excluded. The trial court concluded and adjudged that 3.188 inches of water were appurtenant to the land and passed under the quoted language in the deed.

Defendants' first contention is that as a matter of law no water was appurtenant to the land.

Defendants' water right was acquired by use prior to the enactment of the state's water laws. It has been adjudged by court decree to have a use priority of January 14, 1878. The first water legislation in this state was enacted in 1889, (An Act to regulate the use of water for irrigation and for other purposes; for settling

the priority of rights thereto; etc. 1889 Stats. of Nev., Ch. 113, p. 107). The act expressly provided (sec. 31) "This act shall, in no wise, be construed as impairing or abridging any rights already vested  *  *  *  by virtue of the law heretofore in force."

The first legislative recognition of the doctrine of appurtenance was given in 1903: "All natural water courses and natural lakes and the waters thereof which are not held in private ownership, belong to the public and are subject to appropriation for a beneficial use, and the right to the use of water so appropriated for irrigation shall be appurtenant to the land irrigated, and beneficial use shall be the basis, the measure, and the limit of the right." 1903 Stats. Nev., Ch. 4, p. 24, sec. 1.

Defendants contend that this provision operates prospectively and does not affect the status of water rights theretofore acquired. They contend, in effect, that since there was no legislative expression of the doctrine of appurtenance until 1903, water used under rights acquired prior to 1903 is not appurtenant to the land upon which it is used. This does not follow, however. Valid rights to the use of water were acquired prior to any legislation upon the subject. The act of 1889 as quoted expressly recognized that water rights already may have been acquired "by virtue of the law heretofore in force." The question is whether, under the law theretofore in force, water was appurtenant to the land upon which it was used.

Upon this question the law of this state is settled beyond dispute. In Prosole v. Steamboat Canal Co., 37 Nev. 154, 164, 140 P. 720, 723, this court stated, "[T]he very right itself, relating as it does to the land upon which it is applied, although in a sense incorporeal, nevertheless, by reason of its application, becomes an integral part of the freehold. The water and the land to which it is applied become so interrelated and dependent on each other in order to constitute a valid appropriation that the former becomes, *by reason of necessity,*

appurtenant to the latter." [Emphasis supplied.] Such would appear to be the universally recognized law of waters in the arid western states. Frank v. Hicks, 4 Wyo. 502, 35 P. 475; Thompson v. Short, 6 Wash. 2d 71, 106 P.2d 720; see 2 Kinney on Irrigation 1804. It took no legislation to establish the doctrine of appurtenance in arid Nevada. By virtue of the nature of the rights involved, such has been the established law of this state since waters first were rightfully appropriated to beneficial use.

The trial court, then, was correct in its conclusion that water appurtenant to the land in question passed as an appurtenance under the deed. Plaintiffs by deed acquired legal title thereto.

Defendants assert an equitable title and right to reformation of the deed to exclude water rights expressly from the grant. This right they base upon alleged mutual mistake. They contend that from the outset all parties understood that no water rights were to pass with the land. They contend that the record conclusively establishes this understanding and that no contrary finding was available to the trial court.

It must be conceded that defendants have made out a convincing case as to their own intent. Further, (subject to substantial dispute by plaintiffs), they have presented evidence which, if believed, would tend to show that they had successfully persuaded plaintiffs that no water rights had passed under their deed and that plaintiffs' only rights were to such waste water as defendants chose to let them have. Defendants contend that substantially all water received by plaintiffs while on the land was of such a character.

This does not reach the issue of mutual mistake, however. The evidence is clear that the land was sold to plaintiffs under a contract negotiated and executed for defendants by an authorized agent. That agent testified

that he understood that water was to go with the land; that he represented to plaintiffs that the land had an ample supply of water. When the contract was executed the land was under irrigation and, to some extent, under cultivation. It was then enjoying water. Both plaintiffs testified that they believed that water passed with the land and would not have contracted to buy had they believed otherwise. It is their intent at the time of contract which is material, not some subsequent belief to which they may reluctantly and erroneously have been persuaded. The deed, then, whether mistakenly or not from defendants' point of view, actually conveyed to plaintiffs what they had contracted to receive and, at the time of contract, understood they would receive. It is not subject to reformation.

Defendants emphasize that purchase money was paid by plaintiffs and their deed accepted by them after they had been notified by defendants that no water passed with the land. In the absence of waiver or estoppel, neither of which appears, these facts are without equitable significance.

Affirmed.

BADT and EATHER, JJ., concur.