Marsh et al *v.* City of Hot Springs

5-3973                              406 S. W. 2d 714

Opinion delivered October 10, 1966

*H. M. Campbell* and *Farrell Faubus* and *Julian Glover* and *Catlett & Henderson,* for appellant.

*Curtis L. Ridgway Jr.* and *Dan McCraw,* for appellee.

George Rose Smith, Justice. In 1942 the city of Hot Springs acquired by condemnation, for airport purposes, the fee simple title to 134 acres of land owned by the five appellants. In 1950 the appellants brought this suit to recover the land, asserting that the city's failure to use the property for any public purpose had caused the title to revert to the condemnees. This appeal is from a decree dismissing the complaint for want of equity. (The record does not explain the long delay in the trial of the case.)

There are two answers to the appellants' contention that there was a reverter. First, in deciding in the

first instance whether a taking is for a public purpose the court may consider "not only the present demands of the public, but those which may be fairly anticipated in the future." *Woollard* v. *Ark. State Highway Commn.*, 220 Ark. 731, 249 S. W. 2d 564 (1952). The land now in question is not far from the runways at the municipal airport. The preponderance of the testimony shows that it is reasonable to expect that in the course of the city's normal growth this land will be needed to permit the airport to be enlarged. Thus even if the present question had been raised in the original condemnation proceeding, when it would have been timely, the court would have been justified in sustaining the city's position.

Second, there is ordinarily a reverter when the public abandons an easement, as for a street, but the rule is different when the landowner has been paid in full for the fee simple title, as in the case at bar. "When, however, a fee simple free from any easements or conditions is acquired, either by purchase or by the exercise of the power of eminent domain, if the use for which the land was bought or condemned is lawfully discontinued or abandoned, there is no reversion, and the corporation holding the land may leave it idle, or devote it to a different use, or sell it in the same manner and to the same extent as an ordinary private owner." Nichols, Eminent Domain (3d ed., 1965), § 9.36 [4].

Affirmed.