575 P.2d 495

**CITY OF CALDWELL, a Municipal Corporation, Plaintiff-Respondent,**

v.

**Roy A. ROARK and Oleta Roark, husband and wife, Algot Larson, Canyon County, Idaho, any and all unknown owners, Defendants,**

and

**Roy A. Roark and Oleta Roark, Defendant-Appellants.**

**Roy A. ROARK and Oleta Roark, Plaintiff-Appellants,**

v.

**CITY OF CALDWELL, a Municipal Corporation and John Doe, whose true name is unknown, Defendants,**

and

**City of Caldwell, a Municipal Corporation, Defendant-Respondent.**

No. 12383.

Supreme Court of Idaho.

March 2, 1978.

Richard H. Greener of Clemons, Cosho, Humphrey & Samuelsen, Boise, for appellants.

Wayne E. Davis of Alexanderson, Davis, Rainey & Whitney, Caldwell, for respondent.

BAKES, Justice.

Roy and Oleta Roark brought an action against the City of Caldwell to establish their interest in land that was formerly the subject of condemnation proceedings instituted by the city. The Roarks also moved to amend the judgment entered in the condemnation action. The trial court granted summary judgment to the city and denied the Roarks' motion to amend. The Roarks appeal from both rulings. We affirm.

I

In 1965 the city brought an action to condemn certain land owned by the Roarks. The city alleged that the land was "necessary for the enlargement, improvement and maintenance of the Caldwell Municipal Airport" and prayed for condemnation "in fee simple absolute." The jury found the "just compensation for the land condemned" to be $12,500, and the trial court entered judgment accordingly. The Roarks appealed, contending that the compensation awarded was inadequate. This Court affirmed. *City of Caldwell v. Roark*, 92 Idaho 99, 437 P.2d 615 (1968).

After the city had paid the Roarks the amount due them under the trial court's first judgment, the court entered a final decree entitled Second Judgment and Decree of Condemnation. That decree stated that "the hereinafter described property and property rights . . . hereby are condemned" and then set forth a legal description of the Roark land. However, the decree did not specify whether the interest taken was a fee simple absolute, a determinable fee, or an easement. The decree did indicate that the property condemned was necessary for the enlargement, improvement and maintenance of the city's airport and that this was a public use authorized by law.

Following the condemnation proceedings, planes using the city's airport continued to pass through the airspace immediately above the land involved. However, the city constructed no improvements on the land.

In 1975, having decided to relocate its airport, the city announced plans to sell the land previously owned by the Roarks. Learning of the contemplated sale, the Roarks brought this action against the city. In essence, they sought a determination that they, and not the city, held the fee simple interest in the land. They also filed a motion in the city's earlier condemnation action to amend the Second Judgment and Decree of Condemnation pursuant to I.R. C.P. 60(b)(5) on the ground that it was no longer equitable that the judgment have prospective application. The trial court granted summary judgment to the city and denied the Roarks' motion to amend the earlier condemnation decree.

On appeal, the Roarks challenge both the granting of summary judgment and the

denial of their motion to amend the prior decree. They maintain that summary judgment in the city's favor was inappropriate because genuine issues of material fact existed regarding the parties' respective interests in the land, the city's need for the land at the time of condemnation, and its use of the land thereafter. They assert that the city could not condemn a fee simple interest in the land when it needed only a flight path easement and that, in any event, the fee reverts to them if public use is discontinued. Finally, they renew their argument that the Second Judgment and Decree of Condemnation should be amended because it is no longer equitable that the judgment have prospective application.

## II

■ The Roarks' suit seeking to establish their rights in the land here involved raises essentially two questions: (1) what interest or estate did the city acquire in the land as a result of the condemnation proceeding; and (2) what effect did the city's determination to discontinue public use of the property have upon the interests of the parties? In answering these questions, we need look no further than the uncontrovertible record in the condemnation proceeding itself.[1] We hold that the city acquired a fee simple absolute interest in the land and that its decision to discontinue public use did not affect that interest. We therefore affirm the trial court's grant of summary judgment to the city.

■ Turning first to the interest acquired by the city, we observe that the complaint filed in the condemnation action prayed for condemnation "in fee simple absolute." The jury instructions establish that the compensation awarded to the Roarks was based upon the premise that the city was condemning a fee simple abso-

lute, which was the interest specifically sought in the city's complaint. The court instructed the jury to find the amount that the city had to pay the Roarks "by reason of the condemnation and taking of the 9.48 acres of land." The jurors were instructed to find the fair market value of the "whole parcel," defined as "the highest price . . which the property would bring if offered for sale in the open market." A sale of the whole parcel in the open market ordinarily connotes a complete transfer of ownership. Nothing in the instructions suggests that a conditional ownership or a mere right of way was contemplated. The Second Judgment and Decree of Condemnation followed the payment by the city of the initial judgment based on the jury's verdict establishing the fair market value of the property. While the decree makes no reference to the nature of the estate condemned, it is clear from the complaint in condemnation and the court's instructions regarding the determination of market value that the city acquired a fee simple absolute and not a determinable fee or easement.

■ The Roarks have argued that the city needed no more than an easement and that constitutional and statutory provisions therefore precluded the city from obtaining a fee interest. The question of necessity—i. e., the nature of the interest which the city needed for the airport—was a question of fact to be decided in the initial condemnation proceeding. The Roarks had an opportunity in those proceedings to challenge the necessity and thus the city's authority to take the fee simple absolute in the condemnation proceeding. The only factual question which the Roarks raised in those proceedings was the amount of just compensation to be awarded for the taking. In the Second Judgment and Decree of Condemnation, it expressly states that the property

---

1. We take judicial notice of the record in the Roarks' prior appeal to this Court from the compensation award, *City of Caldwell v. Roark*, 92 Idaho 99, 437 P.2d 615 (1968), and note that the record in that case includes the pleadings in the condemnation action, the trial court's instructions to the jury, and the judgment on award of compensation. *See Reidy v.*

*O'Malley Lumber Co.*, 92 Ariz. 130, 374 P.2d 882 (1962); *Fox-Smythe Transp. Co. v. McCartney*, 510 P.2d 686 (Okl.1973); *cf. Saydes v. Cuoio*, 71 Idaho 17, 226 P.2d 172 (1951) (judicial notice taken by Supreme Court of facts set forth in prior opinion in related case).

condemned was "necessary for the enlargement, improvement and maintenance" of the city's airport and attendant facilities and that such use was authorized by law. Therefore, those matters are now *res judicata*. *Cf. Tingwall v. King Hill Irrigation Dist.*, 66 Idaho 76, 155 P.2d 605 (1945) (prior judgment *res judicata* as to all defenses that could have been raised in prior action).

The Roarks have also argued that the fee simple interest in the property taken should revert to them because the city has decided to discontinue public use of the property. In light of our determination that the city acquired a fee simple absolute interest in the land rather than a determinable fee, the Roarks' argument is clearly without merit. " 'When . . . a fee simple free from any easements or conditions is acquired . . . , if the use for which the land was brought or condemned is lawfully discontinued or abandoned, there is no reversion, and the corporation holding the land may leave it idle, or devote it to a different use, or sell it in the same manner and to the same extent as an ordinary private owner.' Nichols, Eminent Domain (3d ed., 1965), § 9.36[4]." *Marsh v. City of Hot Springs*, 241 Ark. 159, 406 S.W.2d 714, 715 (1966) (ellipses supplied).

### III

The Roarks contend that the Second Judgment and Decree of Condemnation should be amended pursuant to I.R.C.P. 60(b)(5)[2] because it is no longer equitable that the judgment have prospective application. The nub of their position is that if, as we have held, the city acquired a fee simple absolute interest through the condemnation action, equity requires that the judgment creating that interest be modified in light of the city's failure to use the land to enlarge its airport and its decision to sell the land to a private buyer. In effect, the Roarks seek to circumvent the rule that

discontinuance of public use does not affect the city's fee simple absolute interest by recourse to I.R.C.P. 60(b)(5).

I.R.C.P. 60(b)(5) refers to judgments which "have prospective application." A condemnation decree is not ordinarily a judgment that has "prospective application" for the purposes of Rule 60(b)(5). Commentators discussing the analogous federal rule indicate that while a continuing injunction directed to the future conduct of a party has prospective application, a judgment awarding money damages does not. *See* 7 Moore's Federal Practice ¶ 60.26[4] (2d ed. 1971). A decree of condemnation is more closely analogous to a judgment for money damages, and therefore generally lacks the prospective application to which I.R.C.P. 60(b)(5) refers. The motion for relief under I.R.C.P. 60(b)(5) was therefore properly denied.

Affirmed. Costs to respondent.

SHEPARD, C. J., and McFADDEN, DONALDSON and BISTLINE, JJ., concur.

---

2. "RULE 60(b). Mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, grounds for relief from judgment or order.—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . .

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; . . . ."