# PAULETTE HUBERT, Appellant, v. ROBERT WERNER AND DEANNA WERNER, Respondents.

## No. 15101

April 25, 1985 698 P.2d 426

*Herman A. Saitz*, Las Vegas, for Appellant.

*Jones, Jones, Bell, Close & Brown*, Chartered; *Susan Williams Scann*, Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment in favor of respondents in a quiet title action. The dispute centered on the boundary line between two abutting pieces of property. Because material issues of fact remain in dispute, we reverse and remand this matter for further proceedings.

In 1974 respondents, the Werners, purchased a piece of property on the corner of Tropicana and Burnham Streets in Las Vegas. Appellant, Hubert, had purchased the lot immediately abutting and to the south of the Werners in 1968. Both lots and surrounding property were originally owned by Elva and Cecil Cope. The Copes divided and sold most of their land in the 1950's. The Copes retained and lived on a portion of the land and are Hubert's predecessors in interest.

Hubert's and the Werners' deeds described the property by metes and bounds. If accurate, the Hubert's northern boundary abuts precisely with the Werners' southern boundary with no overlapping. The legal description in the Werners' deed also includes the following language: "Together with one domestic water well, block pump house and water well pump located on said property." Hubert's deed makes no mention of the well and pump house. The well and pump house lie approximately 15 feet south of Hubert's northern deed line. The well and pump house were built in the late 1950's or early 1960's by one of the Werners' predecessors in interest. The well and pump house have not been operated since before 1968.

In 1962 the Copes planted a line of trees on their land parallel to their northern deed line. This tree line is south of the well and pump house and overlaps Hubert's northern deed line by 49.18 feet. When the Werners purchased their property in 1974 they understood that their property included the well and pump house and all the land up to the tree line. In 1977 the Werners had a survey conducted. The survey revealed that the Werners' southern boundary was the deed line and not the tree line. Until this 1977 survey was conducted, Hubert never knew the exact location of her northern boundary. After learning the results of this survey, Hubert constructed a fence upon her actual northern deed line and took possession of all the property south of the Werners' southern deed line.

The Werners objected and filed suit to quiet title on the 49.18 feet of disputed property. Hubert filed a motion for summary judgment. The Werners filed a cross-motion for summary judgment. The trial court granted the Werners' motion for summary judgment and the judgment adjusted the Werners' boundary line from their deed line south 49.18 feet to the tree line. On appeal, Hubert contends that there are material facts in dispute as to the location of the boundary line, and, therefore, the trial court erred in granting summary judgment. We agree.

The constraints governing a summary judgment are well settled. A court should exercise great care in granting summary judgment. *Nehls v. Leonard*, 97 Nev. 325, 328, 630 P.2d 258,

260 (1981). A litigant has a right to a trial where the slightest doubt as to the facts exist. Oak Grove Inv. v. Bell & Gossett Co., 99 Nev. 616, 623, 668 P.2d 1075, 1079 (1983). In evaluating the propriety of a grant of summary judgment, we will review the evidence in the light most favorable to the party against whom summary judgment was rendered. *Id.* All evidence favorable to the party against whom summary judgment was rendered will be accepted as true. *Nehls, supra.*

Several material facts are in dispute. Two surveys of all the land in question were completed. There is a factual question where the actual survey line is located and whether the descriptions in the deeds are in error. There is conflicting evidence whether the Werners' intention was to purchase one commercial acre, including the land on which the well and pump house are located, or ¾ths of a commercial acre. Although Hubert did not know exactly where her northern boundary line was located until 1977, she did know the boundary line was north of the tree line. In 1968 Hubert constructed a picket fence north of the tree line but south of the well and pump house. From 1968 to the present Hubert has considered all property south of the picket fence as hers. Hubert has paid the taxes on all the disputed property up to the Werners' southern deed line from 1968 to present. Further, there is a factual dispute over the length of time Hubert maintained and cleaned all of the disputed property. There is also a factual dispute whether or not the Werners used the land on which the pump house and well is situated prior to the 1977 survey. The location of the boundary line is a material question of fact that is in dispute. The trial court erred in granting summary judgment.

Reversed and remanded.