JOHN A. DERMODY AND MARTHA SUE DERMODY, E.W. McKENZIE AND GENEVIEVE McKENZIE, Appellants, v. THE CITY OF RENO, Respondent.

No. 27164

January 30, 1997

931 P.2d 1354

*Osborne Law Office, Chartered,* and *Kevin P. Ryan* and *Stephen H. Osborne,* Reno, for Appellants.

*Patricia Lynch,* City Attorney, *Victoria M. Thimmesch,* Deputy, and *Donald L. Christensen,* Deputy, Reno, for Respondent.

208

## OPINION

*Per Curiam:*

Prior to 1978, appellants John A. and Martha Sue Dermody, husband and wife, and E.W. and Genevieve McKenzie, husband and wife, (hereinafter collectively referred to as "Appellants") owned 126.727 acres of land bordering what is commonly known as Reno-Tahoe International Airport. Appurtenant to this parcel of land were water rights consisting of a portion of Truckee River Claim No. 524 of the Orr Ditch Decree in the amount of approximately 229.25 acre-feet of water.[1] The respondent City of Reno (hereinafter "City") prohibited development on Appellants' property in anticipation of airport expansion. Accordingly, on August 10, 1976, Appellants filed a complaint against City for inverse condemnation (hereinafter "the first action"). The parties to the first action are identical to those in the instant matter.

The parties in the first action stipulated that the City had indeed inversely condemned a portion of Appellants' land, 77.25 acres, and the "issues to be resolved . . . consist solely of: (a) Valuation of the property to be acquired; and (b) Severance damages, if any." A bench trial commenced on October 17, 1977. Both sides presented expert testimony on the value of the condemned property. On January 12, 1978, the trial court entered its decision, adopting Appellants' expert testimony which valued the property at $4,635,000.00, or $60,000.00 per acre.

On January 23, 1978, the final order of condemnation, vesting "fee simple title" of the subject property in the City was filed with the Washoe County Recorder's Office. No condemnation documents expressly conferred the appurtenant water rights upon the City nor reserved interest in Appellants.

On June 25, 1979, the City quitclaimed the property to the Washoe County Airport Authority. In that conveyance, the City "excepted and reserved unto [itself] all surface water rights of whatsoever nature." Nevertheless, Appellants, based on the belief that they retained the appurtenant water rights in the condemned property, conveyed 34.87 acre-feet of water to Sierra Pacific Power Company on September 20, 1984, and 10.38 acre-feet to the City of Sparks on January 13, 1986.

On April 18, 1994, Appellants filed suit seeking to quiet title in

---

[1] "A thing is deemed to be incidental or *appurtenant* when it is by right used with the land for its benefit, as in the case of a way, or water-course . . . ." Mattix v. Swepston, 155 S.W. 928, 930 (Tenn. 1913).

the 229.25 acre-feet of water or, alternatively, just compensation for the appurtenant water rights. After the City filed its answer asserting all right, title, and interest in the condemned property, both parties moved for summary judgment.

On March 22, 1995, the trial court granted the City's summary judgment motion while denying Appellants' summary judgment motion. The court found "that as a matter of law the appurtenant water rights automatically vested in [the City] when fee simple title in the subject property passed to [the City] under the condemnation proceedings in 1978." The district court further found that Appellants' alternative arguments regarding the City's authority to condemn the water rights for an award of additional compensation were barred by res judicata.

Appellants now appeal the trial court's March 22, 1995 ruling to this court. Appellants allege the same issues on appeal and also attempt to raise two new claims concerning issues of material fact.

This court's "review of summary judgment orders is de novo." Joynt v. California Hotel & Casino, 108 Nev. 539, 541, 835 P.2d 799, 800 (1992). Further, summary judgment should only be entered when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 665 (1985). A genuine issue of material fact is one where the evidence is such that a reasonable jury could return a verdict for the non-moving party. Valley Bank v. Marble, 105 Nev. 366, 367, 775 P.2d 1278, 1282 (1989). The pleadings and proof offered at the district court are construed in a light most favorable to the nonmovant. Hoopes v. Hammargren, 102 Nev. 425, 429, 725 P.2d 238, 241 (1986).

Appellants argue, for the first time, that genuine issues of material fact are present in the instant matter because Appellants (1) "had no knowledge that the subject water rights were even an issue" at the time of condemnation, and (2) "never intended to transfer any water rights to [the] City." Despite Appellants' original summary judgment motion claiming "that there is no issue as to any material fact and that [Appellants are] entitled to judgment as a matter of law," Appellants now contend that their lack of knowledge and intent creates genuine issues of material fact.

Parties "may not raise a new theory for the first time on appeal, which is inconsistent with or different from the one raised below." Powers v. Powers, 105 Nev. 514, 516, 779 P.2d 91, 92 (1989). Appellants never argued below that genuine issues of fact

precluded summary judgment. Even in Appellants' reply memorandum opposing the City's summary judgment motion, no reference to factual disputes was made. Rather, Appellants only argued questions of law. In fact, it was not until the trial court entered summary judgment for the City that factual disputes arose which supposedly now defeat summary judgment. Arguments raised for the first time on appeal need not be considered by this court. Montesano v. Donrey Media Group, 99 Nev. 644, 650 n.5, 668 P.2d 1081, 1085 n.5 (1983); Tupper v. Kroc, 88 Nev. 146, 149, 494 P.2d 1275, 1278 (1972). Accordingly, Appellants' claims allegedly raising factual disputes of knowledge and intent were waived.

However, even if this court considered Appellants' assertions regarding knowledge and intent, they are still without merit. Appellants' reliance on Thompson v. City of North Las Vegas, 108 Nev. 435, 833 P.2d 1132 (1992), and Hubert v. Werner, 101 Nev. 193, 698 P.2d 426 (1985), to support their contentions is baseless. In *Thompson,* respondent's affirmative misrepresentations of a boundary line stipulation raised a genuine issue of material fact about appellant's knowledge during execution. *Thompson,* 108 Nev. at 440, 833 P.2d at 1135. In *Hubert,* conflicting descriptions in the deeds created a genuine issue of material fact about appellant's intent to purchase a certain amount of commercial acreage. *Hubert,* 101 Nev. at 195, 698 P.2d at 427.

Here, Appellants do not claim, nor is there any evidence, that misrepresentation or confusion was present at the time the property was condemned in fee simple by the City. On the contrary, up until this appeal, Appellants maintained that they were entitled to the appurtenant water rights as a matter of law and not because of a factual dispute involving knowledge, intent, misrepresentation, or confusion. Indeed, these facts only arose *after* condemnation was consummated. A party cannot manufacture a genuine issue of material fact by making assertions in its legal memorandum, S.A. Empressa DeVaiacao Aerea Ril Grandense v. Walter Kidde & Co., 690 F.2d 1235 (9th Cir. 1980), nor can a party build a case on gossamer threads of speculation and surmise. Bulbman, Inc. y. Nevada Bell, 108 Nev. 105, 825 P.2d 588 (1992).

Thus, the first issue of arguable merit is one never before addressed in this jurisdiction: whether fee simple title obtained in condemnation transfers, as a matter of law, appurtenant water

rights. The City asserts that since appurtenant water rights not expressly mentioned in a conveyance automatically transfer to the buyer, no rationale exists to support a different result in condemnation. Appellants claim that condemnation involves an element of compulsion, and therefore, the opposite result is warranted.

To begin, water rights are appurtenant to benefitted land. NRS 533.040. This is so whether water rights are acquired by statute or common law. Zolezzi v. Jackson, 72 Nev. 150, 154, 297 P.2d 1081, 1082 (1956). With respect to condemnation of appurtenant water rights, NRS 37.020(1) states, "The fee simple or lesser estate in real property, and any other property, are subject to be taken for public use from the owners thereof." In Carson City v. Estate of Lompa, 88 Nev. 541, 501 P.2d 662 (1972), this court held that water rights can be subject to eminent domain as a separate interest in real property. See NRS 37.010(3). Therefore, Nevada law is clear that appurtenant water rights are a separate stick in the bundle of rights attendant to real property. As such, they may be condemned separately.

What is not so well settled, however, is the disposition of appurtenant water rights not expressly reserved in condemnation. Although this court in Margrave v. Dermody Properties, 110 Nev. 824, 878 P.2d 291 (1994), held that appurtenant water rights not expressly reserved in a fee simple conveyance pass as a matter of law, the court expressed no opinion about water rights transferred by condemnation. However, other authorities and jurisdictions have addressed this issue.

In an advisory opinion, the Nevada Attorney General found that when a condemnor acquires fee simple title to property, appurtenances, including water rights, pass with condemnation unless the appurtenant water rights are specifically reserved. Nev. Op. Atty. Gen. No. 92-9 (10-6-92). The United States Court of Appeals for the Ninth Circuit held in Richland Irrigation Dist. v. United States, 222 F.2d 112 (9th Cir. 1955), that acquisition by condemnation of a fee interest in land included all appurtenances despite the failure to expressly mention them in the condemnation declaration. The court reasoned that a taking by condemnation in fee simple passed all appurtenances by implication. Id. at 114. In fact, a survey of other jurisdictions indicates that an overwhelming majority concur with the reasoning and result of the Ninth Circuit.

These cases all follow the long-standing rule that "[w]here the fee simple absolute title to land has been acquired, the condemnor acquires all appurtenances thereto, buildings thereon, minerals lying beneath the surface, *waters thereon,* and easements as to which such land constitutes the dominant estate." 3 Julius L.

Sackman & Patrick J. Rohan, *Nichols' The Law of Eminent Domain,* § 9.03(7) (1994) (emphasis added).

In the instant matter, the finding of facts, conclusions of law, and judgment unambiguously stated "that payment . . . of the sum of money specified above is in full payment for the *interests* in the land so taken together with all improvements on the land, and for *all damage of every kind* suffered because of the taking of the property." (Emphasis added.) Since appurtenant water rights are considered a separate property interest, we find that the word "interests" encompasses appurtenant water rights. Additionally, the phrase "all damage of every kind" includes the separate value of the water rights. Accordingly, the water rights were included in the final damages award paid to Appellants and that interest passed to the City.

Finally, the condemnation order concluded with the following phrase: "[F]ee simple title to the real property described above shall vest in Defendant City of Reno its successors and its assigns." Nowhere within the four corners of the condemnation instruments do Appellants expressly reserve the appurtenant water rights. Thus, in light of these uncontroverted facts, we conclude that title to the real property transferred to the City in fee simple absolute.

Appellants claim that they are still entitled to a separate damage award for the appurtenant water rights, even if this court holds that all interest in the condemned property passed to the City, because "[l]and was the concern then [in the first action,] . . . [w]ater is the new issue here." The basis of this claim rests on Appellants' averment that they never intended to sell the appurtenant water so the original condemnation award could not have included its value.[2] This argument is without merit.

"[R]es judicata precludes parties or those in privity with them from relitigating a cause of action or an issue which has been finally determined by a court of competent jurisdiction." University of Nevada v. Tarkanian, 110 Nev. 581, 598, 879 P.2d 1180, 1191 (1994). Res judicata applies when the following requirements are met:

> (1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; and (3) the party against whom the judgment is asserted

---

[2]Appellants claim the value of the disputed appurtenant water rights is $500,000.00.

214

must have been a party or in privity with a party to the prior litigation.

*Id.*

In 1978, Appellants brought a claim for inverse condemnation against the City. A trial was held, and the value of the property condemned in fee simple was found to be $4,635,000.00. A final judgment was entered. Now, Appellants bring another claim for inverse condemnation against the City involving that same piece of property. The essence of Appellants' latest claim is the very issue litigated almost twenty years ago: damages.

All the elements of res judicata are present here. The parties are identical. The claim and issue of whether Appellants received just compensation for the property condemned in fee simple was adjudicated and a final order was entered in 1978. Appellants now raise the same claim of inverse condemnation on the same issue, damages. Therefore, the elements of res judicata are fulfilled, and Appellants are barred from raising, a second time, an inverse condemnation claim.[3]

Accordingly, we affirm the order of the trial court.[4]

---

[3]Appellants' argument that the City lacked proper authority to condemn the water rights is similarly barred by res judicata because that issue could have been challenged by Appellants during the original condemnation proceedings. *Tarkanian*, 110 Nev. at 600, 879 P.2d at 1191 (stating that res judicata "embraces all grounds of recovery that were asserted in a suit, as well as those that could have been asserted"); *see also* City of Caldwell v. Roark, 575 P.2d 495 (Idaho 1978).

[4]The Honorable A. William Maupin, Justice, did not participate in the decision of this appeal.