An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIANA WISHENGRAD,
Appellant,
vs.
MOUNTAIN SPRING INVESTORS LLC,
A DELAWARE LIMITED LIABILITY
COMPANY; 1701 ROCK SPRINGS LLC,
A DELAWARE LIMITED LIABILITY
COMPANY; AND R.W. SELBY &
COMPANY, INC., A CALIFORNIA
CORPORATION,
Respondents.

No. 60401

**FILED**

SEP 26 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a district court summary judgment in a torts action. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

In this appeal, we are asked to determine whether a hold-harmless provision in a lease precludes appellant Briana Wishengrad from seeking a cause of action against her apartment complex for gross negligence.[1] Because the lease provision in the present case is ambiguous and reading it to bar Wishengrad from pursuing a gross negligence claim would be an unreasonable result, we construe the provision in Wishengrad's favor and reverse the district court's order dismissing

---

[1]As the parties are familiar with the facts, we do not recount them further except as necessary to our disposition.

Wishengrad's claim on summary judgment. We affirm, however, the portion of the district court's order dismissing Shelby as a party.

*Standard of review*

This court reviews a district court's grant of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Looking at the evidence in a light most favorable to the nonmoving party, this court affirms a grant of summary judgment "when the pleadings and other evidence on file demonstrate that no 'genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (alteration in original) (quoting NRCP 56(c)).

*Whether the lease's hold harmless provision precludes a gross negligence cause of action*

On appeal, Wishengrad argues that the district court erred in concluding that no genuine issue of material fact remained regarding the respondents' liability for the assault by third parties because the hold-harmless provision of Wishengrad's lease is ambiguous and should be read in her favor, thus preserving her premises liability cause of action. Where no factual dispute exists, construction of a contract's terms is a question of law, which this court reviews de novo. *See Shelton v. Shelton*, 119 Nev. 492, 497, 78 P.3d 507, 510 (2003) (citing *Grand Hotel Gift Shop v. Granite State Ins.*, 108 Nev. 811, 815, 839 P.2d 599, 602 (1992)). "A contract is ambiguous if it is reasonably susceptible to more than one interpretation." *Id.* (quoting *Margrave v. Dermody Prop., Inc.*, 110 Nev. 824, 827, 878 P.2d 291, 293 (1994)). An ambiguous contract is construed against the drafter. *Williams v. Waldman*, 108 Nev. 466, 473, 836 P.2d 614, 619 (1992). Summary judgment is improper where extrinsic evidence is required to discern the parties' intent in resolving an

ambiguity. *Mullis v. Nev. Nat'l Bank*, 98 Nev. 510, 512, 654 P.2d 533, 535-36 (1982). "An interpretation which results in a fair and reasonable contract is preferable to one that results in a harsh and unreasonable contract." *Dickenson v. State, Dep't of Wildlife*, 110 Nev. 934, 937, 877 P.2d 1059, 1061 (1994).

The lease provision in question provides:

18. HOLD HARMLESS: *We will not be liable to you for injury or damage to you in or about the apartment except where such is due to our gross negligence.* You agree to assume all responsibility for any damages done or injury incurred while using any property amenities, including common areas, parking areas and driveways, pools and saunas, exercise equipment and outdoor recreation areas. *You agree that we will not be liable for acts of others occurring on the property, and we do not provide any security for you or your guests or your personal property, either in the unit or in the common and parking areas.*

(Emphases added.)

As written, the gross negligence sentence appears to place a limit to the waiver of the property owners' liability. The first sentence does not indicate that the injury or damage to the lessee must be caused directly by the complex owners, and the third-party language could reasonably be considered to come under the type of damage or injury indicated in the first sentence. That sentence does not specifically exclude damage or injury by third parties, and the third-party language occurs within the same paragraph, without any express indication that the sentence is not covered by the gross-negligence limitation. Thus, we conclude that the provision is ambiguous, and now address whether Wishengrad's proffered interpretation is reasonable.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

Two principles militate in favor of interpreting the contract provision in Wishengrad's favor. First, where a contract term is ambiguous, the provision is "construed most strongly against the authoring party." *Mullis*, 98 Nev. at 513, 654 P.2d at 535. The result of applying that principle to the contract provision in the instant case results in an interpretation in Wishengrad's favor.

The second principle is the preference for a fair and reasonable contract over a harsh and unreasonable contract. *Dickenson*, 110 Nev. at 937, 877 P.2d at 1061. The result of interpreting the contract in the respondents' favor is that a premises owner is protected from liability where the intervening acts of third parties results in harm to apartment residents, regardless of their culpability in creating the circumstances that bring about the third parties' acts. While Wishengrad has a difficult bar to cross in establishing a duty of care, much less establishing a breach of that duty constituting gross negligence, one could imagine countless additional ways in which the respondents' behavior could lead to injury or damage to residents such that imposing a complete bar to liability would neither be a fair nor reasonable construction of the provision.[2] *See, e.g.*, Restatement (Second) of Torts § 496B cmt. d (1965)

---

[2]This court has defined gross negligence as follows:

> Gross negligence is equivalent to the failure to exercise even a slight degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even

*continued on next page...*

("[G]eneral clauses exempting the defendant from all liability for negligence will not be construed to include intentional or reckless misconduct, or extreme and unusual kinds of negligence, unless such intention clearly appears."). We conclude, therefore, that the hold-harmless provision is ambiguous and interpret the provision in Wishengrad's favor.

Wishengrad also argues that the district court erred by dismissing Shelby as a party. We reject this argument, as Wishengrad did not present sufficient evidence of Shelby's ownership sufficient to overcome the motion for summary judgment. *Wood*, 121 Nev. at 729, 121 P.3d at 1029.[3] Accordingly, we

---

*...continued*

> scant care. It amounts to indifference to present legal duty, and to utter forgetfulness of legal obligations so far as other persons may be affected.

*Bearden v. City of Boulder City*, 89 Nev. 106, 109, 507 P.2d 1034, 1035-36 (1973) (quoting *Hart v. Kline*, 61 Nev. 96, 100, 116 P.2d 672, 674 (1941)

[3]We also reject Wishengrad's argument that the district court judge should be removed for bias, as Wishengrad has not submitted an affidavit specifying the facts upon which the disqualification is sought. *Lioce v. Cohen*, 124 Nev. 1, 25 n.44, 174 P.3d 970, 985 n.44 (2008). Even if the bare allegations in Wishengrad's opening brief are construed as an affidavit, Wishengrad does not allege any extrajudicial source of bias, only listing the district court's alleged errors of law as evidence of bias. *Goldman v. Bryan*, 104 Nev. 644, 651-52, 764 P.2d 1296, 1300 (1988), *abrogated on different grounds by Halverson v. Hardcastle*, 123 Nev. 245, 163 P.3d 428 (2007).

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Valerie Adair, District Judge
Stephen E. Haberfeld, Settlement Judge
Prestige Law Group
Cisneros & Marias
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A