**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

JAN 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WINECUP GAMBLE, INC.,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>GORDON RANCH LP,<br><br>        Defendant-Appellee. | No. 17-16879<br><br>D.C. No.<br>3:17-cv-00163-RCJ-VPC<br><br><br>MEMORANDUM[*] |
| WINECUP GAMBLE, INC.,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>GORDON RANCH LP,<br><br>        Defendant-Appellant. | No. 17-17247<br><br>D.C. No.<br>3:17-cv-00163-RCJ-VPC |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted December 17, 2018
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: CALLAHAN and N.R. SMITH, Circuit Judges, and OLGUIN,[**] District Judge.

Gordon Ranch attempted to purchase real property located in northern Nevada from Winecup Gamble in 2016.[1] After the sale fell through, both parties filed suit, arguing that they were entitled to Gordon Ranch's earnest money deposit pursuant to the terms of the parties' purchase and sale agreement, as amended by the parties in December 2016. Gordon Ranch filed a motion for judgment on the pleadings; Winecup Gamble filed its motion for summary judgment. The district court granted the motion for judgment on the pleadings, thus denying the motion for summary judgment without considering the merits of that motion; it also found that neither party was entitled to an award of attorneys' fees. Judgment was entered accordingly. Both parties appeal.

1.      The district court based its decision on the fact that the terms of the parties' agreement, as amended, were clear and unambiguous on the critical question of whether the amendment was intended to shift or modify the risk-of-loss scheme. Under Nevada law, the question of "[w]hether or not a document is ambiguous is a

---

[**] The Honorable Fernando M. Olguin, United States District Judge for the Central District of California, sitting by designation.

[1] The facts and procedural history are familiar to the parties and are restated here only to the extent necessary to resolve the issues.

question of law for the court." *Margrave v. Dermody Prop.*, 878 P.2d 291, 293

(Nev. 1994) (per curiam); *see LK Comstock & Co. v. United Eng. & Constructors*

*Inc.*, 880 F.2d 219, 221 (9th Cir. 1989) (reviewing the district court's interpretation

of a contract de novo).[2] "A contract is ambiguous if it is reasonably susceptible to

more than one interpretation." *Margrave*, 878 P.2d at 293; *see Bielar v. Washoe*

*Health Sys., Inc.*, 306 P.3d 360, 364 (Nev. 2013) ("[E]very word [in a contract]

must be given effect if at all possible.") (citation omitted).

After reviewing this agreement and amendment, we disagree with the district

court. Reading the parties' agreement as a whole, it is reasonably susceptible to

more than one interpretation. The amendment uses broad categorical language that

purportedly made the earnest money non-refundable in almost all circumstances.

However, as applied and in context, the terms of the parties' amended agreement

are ambiguous on the point of whether the contract was intended to shift the risk-

of-loss scheme. The amended agreement is certainly not susceptible only to the

interpretation adopted by the district court, regarding whether the amendment

sought to change or modify the detailed risk-of-loss scheme detailed in the terms of

the parties' original agreement. The language of the amendment does not

---

[2] The parties agree that Nevada law governs the interpretation of their contract.

3

specifically state that this result was desired or intended, and, in the absence of such a clear statement of the parties' intent, we find that the parties' agreement is ambiguous in this particular respect. Judgment on the pleadings should not have been granted, because the ambiguity described above and the dispute over the parties' intent when they amended their agreement presents a disputed issue of material fact. *See Hal Roach Studios Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).[3]

2.      Because the agreement is ambiguous, we also vacate the denial of Winecup Gamble's motion for summary judgment. It also appears that the denial was not based on an assessment of the materials the parties had produced in connection with that motion, which materials may also be considered by the district court on remand. *See Ringle v. Bruton*, 86 P.3d 1032, 1037 (Nev. 2004) (holding that parol evidence may be considered to resolve ambiguity and determine the parties' intent).

---

[3] Because we find that the parties' agreement is ambiguous and because the district court does not appear to have considered this issue previously, we do not address Gordon Ranch's argument that the earnest money cannot be awarded to Winecup, because such an award would necessarily render the earnest money provisions of the parties' agreement an unenforceable penalty clause.

3.      The district court's attorneys' fees decision is moot and is vacated as well. Once a prevailing party has been determined, that party should be allowed to request or move for an award of reasonable attorneys' fees, as such an award is available to the prevailing party under the plain terms of the agreement. We express no view regarding what attorneys' fees (if any) are reasonable in these circumstances, and leave that determination to the sound discretion of the district court. The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**